UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY FOX, | : |
| Plaintiff | : |
| vs. | : JUDGE: A. RICHARD CAPUTO |
| LACKAWANNA COUNTY, COMMISSIONER PATRICK O'MALLEY; COMMISSIONER JIM WANSACZ, COMMISSIONER COREY O'BRIEN; COMMISSIONER MICHAEL WASHO; COMMISSIONER A.J. MUNCHAK; COMMISSIONER ROBERT CORDARO; WARDEN ROBERT McMILLAN; WARDEN VINCENT MOONEY; WARDEN JANINE DONATEE; WARDEN TIM BETTI; BRIAN JEFFERS; ET AL., | : JURY TRIAL DEMANDED : : NO. 3: 16-CV-1511 |
| Defendants | : |

## BRIEF IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE FILED BY THE LACKAWANNA COUNTY DEFENDANTS

Defendants, Lackawanna County; Commissioner Patrick O'Malley; Commissioner Jim Wansacz; Commissioner Corey O'Brien; Commissioner Michael Washo; Commissioner A.J. Munchak; Commissioner Robert Cordaro; and, Director of Lackawanna County Community Corrections Program Brian Jeffers, *only* (the "Lackawanna County Defendants") through their attorneys, Kreder Brooks Hailstone LLP, hereby file this Brief in Support of their Motion to

1

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f).

## I.     Facts and Procedural Background

Plaintiff Tammy Fox "Plaintiff" filed her Complaint on July 22, 2016 against a multitude of defendants, including the Lackawanna County Defendants.  The Complaint asserts various claims arising under 42 U.S.C. §1983 and Pennsylvania state law, stemming from actions allegedly suffered by Plaintiff while she was incarcerated in the Lackawanna County Prison and under the supervision of Lackawanna County House Arrest, Probation, and Parole programs.  (Doc. 1 at ¶¶ 1-2).

Plaintiff's collective allegations against all defendants span the time frame from 2007 to 2016.  Plaintiff's allegations involve not only allegations specific to herself, but extensive irrelevant allegations pertaining to other individuals incarcerated in the Lackawanna County Prison who are not parties to this action. (*Id*. at ¶¶ 83-133).

Plaintiff's specific claims against the Lackawanna County Defendants are as follows:

1. Count I – "Municipal Liability and Civil Rights Violations Caused by Policy" (against Defendants Lackawanna County, O'Malley, Wansacz, Washo, O'Brien, Munchak, Cordaro)[1];

---

[1] Additional defendants, who are not the subject of this Motion to Dismiss filed by the Lackawanna County Defendants, are also named in each of these Counts.

2. Count IV – "Failure to Supervise" (against Defendants O'Malley, Wansacz, O'Brien, Munchak, Washo, and Cordaro);

3. Count VI – "Supplemental State Law Claims for Civil Conspiracy" (against all Defendants).[2]

On September 12, 2016, Defendant John Shnipes filed a Motion to Dismiss and brief in support. On September 26, Plaintiff filed a Motion for Extension of Time to respond to Defendant Shnipes Motion until October 26, 2016, which was granted by the Court.

On September 15, 2016, the Lackawanna County Defendants filed a Motion for Extension of Time to file a responsive pleading until October 7, 2016, which was granted by the Court. The Lackawanna County Defendants filed their Motion to Dismiss and Motion to Strike on October 7, 2016 and now file the instant brief in support thereof.

## II. Issues

A. Whether All Claims against the Lackawanna County Defendants which Accrued Prior to July 22, 2014 Must be Dismissed when they are Barred by the Statute of Limitations.

*(Suggested Answer: In the Affirmative).*

B. Whether Count VI Must be Dismissed against the Lackawanna County Defendants when Plaintiff's Claims are Barred by Governmental Immunity.

*(Suggested Answer: In the Affirmative).*

---

[2] The Lackawanna County Defendants' Motion to Dismiss (paragraph 5(c)) mistakenly referred to this as "Count V."

    C. Whether Plaintiff's Claims for Punitive Damages against the Lackawanna County Defendants Must be Dismissed when Plaintiff has failed to state a claim as a Matter of Law.

*(Suggested Answer: In the Affirmative).*

    D. Whether Paragraphs 83-133 Must be Stricken from the Complaint when they Consist of Immaterial, Impertinent, and Scandalous Matter.

*(Suggested Answer: In the Affirmative).*

### III.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. Dismissal of the complaint is appropriate when, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The Supreme Court of the United States requires that the pleadings contain "detailed factual allegations which are more than 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *citing Twombley*, 550 U.S. 544. The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. 544. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* The moving party bears the burden

of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005).

## IV. Argument

### A. All Claims against the Lackawanna County Defendants which Accrued Prior to July 22, 2014 Must be Dismissed as Barred by the Statute of Limitations.

Federal civil rights actions are governed by the statutes of limitations of the state in which the federal court sits. *Martinez v. Warner*, No. CIV.A. 07-3213, 2008 WL 2331957, at *4 (E.D. Pa. 2008); *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). Section 1983 claims are subject to the state statutes of limitations governing personal injury actions. *Garvin v. City of Philadelphia*, 354 F.3d 215, 219 (3d Cir. 2003). The applicable Pennsylvania statute of limitations is two years. 42 Pa.C.S.A. § 5524. The limitations period begins to run "from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

A motion to dismiss may be granted based on a statute of limitations defense when it is clear on the face of the complaint that a plaintiff's claims do not comply with the limitations period. *Nase v. Bucks Cty. Hous. Auth.,* No. CV 16-02417, 2016 WL 5390648, at *2 (E.D. Pa. Sept. 27, 2016); *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975) ("[A] Rule 12(b) motion can be utilized when the time alleged in the statement of a claim shows that the cause of

5

action has not been brought within the statute of limitations.") *See also Berg v. Access Grp., Inc.*, No. 13-5980, 2014 WL 4812331, at *12 (E.D. Pa. 2014); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).

In the case of *Lenhart v. Commonwealth of PA*, 2012 WL 6562756 (W.D. Pa. 2012), *report and recom. adopted*, 2012 WL 6562749, and *aff'd*, 528 Fed.Appx. 111 (3d Cir. 2013), a plaintiff asserted a Section 1983 claim alleging constitutional violations stemming from his prison confinement. The plaintiff asserted a "litany of unrelated claims" in connection with his arrest and confinement, spanning the years from 2008 to 2012 when he filed an amended complaint. 2012 WL 6562749 at *2. The court granted the defendants' motion to dismiss based on statute of limitations, finding that any claim premised on alleged unlawful conduct that occurred prior to the two year statute of limitations was time barred, and that all claims concerning events outside of that time period were dismissed with prejudice. 2012 WL 6562749 at *8.

Plaintiff's Complaint alleges a plethora of allegations beginning in the year 2007 and proceeding to 2016. Plaintiff's Complaint was filed on July 22, 2016. Because Plaintiff's claims are governed by a two year statute of limitations, all allegations arising before July 22, 2014 are time barred. All allegations related to

the time period before July 22, 2014 must be dismissed and stricken from the Complaint.

Likewise, claims against former Commissioners whose terms expired before July 22, 2014 must be dismissed because any claims against those former Commissioners are beyond the statute of limitations. Commissioner Washo's term in office expired on January 2, 2012. Commissioner Munchak's term in office expired on June 22, 2011. Commissioner Cordaro's term in office expired on January 7, 2008. Accordingly, all claims against Mike Washo, A.J. Munchak, and Robert Cordaro must be dismissed as beyond the statute of limitations and these Defendants must be dismissed from the Complaint.

WHEREFORE, the Lackawanna County Defendants respectfully request that this Honorable Court grant their Motion, dismiss all claims arising before July 22, 2014 with prejudice, strike said allegations from the Complaint, and dismiss all claims against Mike Washo, A.J. Munchak, and Robert Cordaro with prejudice.

**B. Count VI Must be Dismissed because Plaintiff's Claims against the Lackawanna County Defendants are Barred by Governmental Immunity.**

Count VI of the Complaint asserts a claim against the Lackawanna County Defendants under Pennsylvania state law for Civil Conspiracy. Pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq.*, a local agency is immune from liability "for damages on account of any injury to a

person or property caused by any act of the local agency or any employee thereof...." *Id.* § 8541; *Nealman v. Laughlin*, 2016 WL 4539203, at *13 (M.D. Pa. 2016).[3] This governmental immunity extends to employees of local agencies for acts taken "within the scope of [the employee's] office or duties." 42 Pa. C.S. § 8545.

Courts have repeatedly held that local agencies and their employees are immune from state law claims arising in prison cases brought pursuant to 42. U.S.C. § 1983. *See, e.g., Lenhart v. Commonwealth of PA*, 2012 WL 6562756 (W.D. Pa. 2012), *report and recom. adopted*, 2012 WL 6562749, and *aff'd*, 528 Fed.Appx. 111 (3d Cir. 2013); *Hernandez v. York County*, 2007 WL 4198017 (M.D. Pa. 2007, Caputo, J), *aff'd* at 288 Fed.Appx. 781 (3d Cir. 2008) (noting that the PSTCA "gives local agencies broad tort immunity and municipal employees are generally immune from liability to the same extent as their employing agency, as long as the act committed was within the scope of the employee's employment.")

In the case of *Weaver v. Franklin Cty.,* 918 A.2d 194, 202 (Pa. Commw. 2007), a prison case brought pursuant to Section 1983, the court specifically held

---

[3] Only 8 recognized exceptions exist to governmental immunity: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; or (8) care, custody or control of animals. 42 Pa. C.S. § 8542. Plaintiff's claim does not meet any of these exceptions.

8

that the county defendant was immune from plaintiff's state law claim for civil conspiracy. The court definitively stated that "…as a state tort claim, Defendant is immune. As previously discussed, conspiracy is an intentional tort for which immunity is not waived." *Id.* at 202.

Accordingly, Lackawanna County and the Commissioner Defendants in their official capacities are immune as a matter of law from Plaintiff's state law claim as local agency entities. The Lackawanna County Defendants in their individual capacities are immune as a matter of law from Plaintiff's state law claim as employees of a local agency because all allegations against them are for acts made within the scope of their official duties. Plaintiff makes no allegations whatsoever against the Lackawanna County Defendants for actions outside the scope of their official duties. Plaintiff's state law claim against the Lackawanna County Defendants must be dismissed as barred by governmental immunity.

WHEREFORE the Lackawanna County Defendants respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's state law claim against the Lackawanna County Defendants with prejudice.

### C. **Plaintiff's Claims for Punitive Damages against the Lackawanna County Defendants Must be Dismissed as a Matter of Law.**

As a matter of law, a municipality is immune from punitive damages under Section 1983. *Robey v. Chester County*, 946 F. Supp. 333, 338 (1996); *Newport v. Fact Concert, Inc.*, 453 U.S. 247, 271 (1981). Therefore, Plaintiffs' claims for

punitive damages against Lackawanna County and the Lackawanna County Defendants in their official capacities must be dismissed.

A defendant in his individual capacity can be liable for punitive damages only if the defendant's conduct "can be shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  *Id.*  Here, Plaintiff's allegations against the Lackawanna County Defendants in their individual capacities do not rise to the level of evil motive and must be dismissed as a matter of law.

WHEREFORE the Lackawanna County Defendants respectfully request that this Honorable Court grant their Motion and dismiss Plaintiff's claims for punitive damages with prejudice.

### D. **Paragraphs 83-133 Must be Stricken from the Complaint as Immaterial, Impertinent, and Scandalous Matter.**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The Court may strike such matter on its own or upon motion of a party.  Fed. R. Civ. P. 12(f).

A motion will be granted when the allegations are severely prejudicial to one of the parties and unrelated to the plaintiff's claims.  *Nealman v. Laughlin*, 2016 WL 4539203, at *4 (M.D. Pa. 2016).  "A party is prejudiced when the challenged

pleading 'confuses the issues' or places an undue burden on the responding party." *Id*.

Paragraphs 83-133 in the Complaint plead extensive allegations that do not pertain to Plaintiff's claims. Indeed, the allegations do not pertain to Plaintiff at all; the allegations concern other individuals who are not parties to this action. Plaintiff does not have standing to seek redress against Defendants for alleged injuries caused to other individuals who are not parties to this action. Furthermore, the allegations reference events that date as far back in time as 2005 and which are clearly barred by the statute of limitations.

Responding to allegations in the Complaint which have no bearing on Plaintiff's claims would place an undue burden upon Defendants. Review and consideration of allegations in the Complaint which have no bearing on Plaintiff's claims would also be a waste of judicial resources for the Court.

Accordingly, the irrelevant allegations contained in paragraphs 83-133 are inappropriately pled and must be stricken from the Complaint as immaterial, impertinent, and scandalous matter.

WHEREFORE the Lackawanna County Defendants respectfully request that this Honorable Court grant their Motion and strike paragraphs 83-133 from the Complaint with prejudice.

## V. <u>Conclusion</u>

WHEREFORE, Defendants, Lackawanna County; Commissioner Patrick O'Malley; Commissioner Jim Wansacz; Commissioner Corey O'Brien; Commissioner Michael Washo; Commissioner A.J. Munchak; Commissioner Robert Cordaro; and, Director of Lackawanna County Community Corrections Program Brian Jeffers, *only* (the "Lackawanna County Defendants") respectfully request that this Honorable Court grant their Motion to Dismiss and Motion to Strike.

                                        KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503          BY: /s/ Michael J. Donohue
(570) 346-7922                      Michael J. Donohue,
                                                Attorney I.D. #25906

                                                /s/ Dana M. Zlotucha
                                                Dana M. Zlotucha, Esquire
                                                Attorney I.D. # 312346
                                                Attorneys for Defendants,
                                                Lackawanna County,
                                                Commissioner Patrick O'Malley,
                                                Commissioner Jim Wansacz,
                                                Commissioner Corey O'Brien,
                                                Commissioner Michael Washo,
                                                Commissioner A.J. Munchak;
                                                Commissioner Robert Cordaro; and
                                                Brian Jeffers, *only* (the "Lackawanna
                                                County Defendants")

## CERTIFICATION OF COUNSEL

1. Michael J. Donohue is a member in good standing of the Bar of the United States for the District Court for the Middle District of Pennsylvania.

2. This brief contains 2,502 words, excluding Tables, Certifications and any Addenda and is within the typed volume limitation provided by Federal Rule of Civil Procedure.

3. On October 21, 2016, this Brief was checked for viruses using McAfee software.

4. On October 21, 2016, a copy of this Brief was filed with the Clerk of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system and sent notification of such filing to the following:

MATTHEW T. COMERFORD, ESQUIRE
LAW OFFICE OF PAUL J. WALKER
205-207 N. WASHINGTON AVENUE
SCRANTON, PA 18503
mcomerford205@yahoo.com
*ATTORNEYS FOR PLAINTIFF*

SEAN P. MCDONOUGH, ESQUIRE
DOUGHERTY, LEVANTHAL & PRICE, LLP
75 GLENMAURA NATIONAL BLVD.
MOOSIC, PA 18507-1011
smcdonough@dlplaw.com
*ATTORNEYS FOR DEFENDANTS, McMILLAN,
MOONEY, DONATE, BETTI, WOLFF,
NEVEROSKI, CALPIN, BONDY, COAR, FANNING, PELUCACCI,
FIEDERER, MAGUIRE, WALSH, McPHILLIPS,
BLAUM, JOHNSON, MILLER , SLOBODNEK,
CARROLL, LANGAN AND BEATRICE*

THOMAS W. MUNLEY, ESQUIRE<br>
MINORA, MINORA, COLBASSANI,<br>
KROWIAK, MATTIOLI & MUNLEY<br>
700 VINE STREET<br>
SCRANTON, PA 18510<br>
colleen@minoralaw.com<br>
*ATTORNEYS FOR DEFENDANT SCHNIPES, ONLY*

                                              KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200  
Scranton, PA 18503                BY: /s/ Michael J. Donohue  
(570) 346-7922                            Michael J. Donohue  
                                          Attorney I.D. #25906