# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY FOX, *et al.*,

   Plaintiffs,

v.

LACKAWANNA COUNTY, *et al.*,

   Defendants.

NO. 3:16-CV-1511

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Stay Proceedings (Doc. 93) filed by Correctional Defendants.[1] For the reasons that follow, the motion to stay will be denied without prejudice.

## I. Background

As set forth in detail in my opinion granting in part and denying in part Defendants' motions to dismiss the Second Amended Complaint, the instant action involves allegations of sexual abuse of female inmates by corrections officers at the

---

[1] Corrections Officer Charles Beatrice ("Beatrice"); Thomas Staff ("Staff"); Corrections Officer Heather Wolff ("Wolff"); Corrections Officer William Shandley ("Shandley"); Corrections Officer Cherelli ("Cherelli"); Corrections Officer George McHale ("McHale"); Corrections Officer Catherine Novack ("Novack"); Corrections Officer Christine Neveroski ("Neveroski"); Corrections Officer Casey Calpin ("Calpin"); Corrections Officer Paula Bondy ("Bondy"); Corrections Officer Mary Beth Coar ("Coar"); Corrections Officer Sergeant Kate Fanning ("Fanning"); Corrections Officer Jean Pelucacci ("Pelucacci"); Corrections Officer Rhonda Fiederer ("Fiederer"); Corrections Officer Captain Robert Maguire ("Maguire"); Corrections Officer Shnipes ("Shnipes"); Corrections Officer James Walsh ("Walsh"); Corrections Officer McPhillips ("McPhillips"); Corrections Officer Leo Baum ("Baum"); Corrections Officer Mark Johnson ("Johnson"); Corrections Officer Tammy Miller ("Miller"); Corrections Officer Joseph Robert Slobodnek ("Slobodnek"); Warden Janine Donate ("Donate"); Warden Tim Betti ("Betti"); Lieutenant Nancy Carroll ("Carroll"); Deputy Warden David Langan ("Langan"); Warden Robert McMillan ("McMillan"); and Warden Vincent Mooney ("Mooney").

Lackawanna County Prison and the ensuing cover-up and concealment of same by various officials of Lackawanna County. (*See* Doc. 84, *generally*). Plaintiffs claim that they were raped, sexually assaulted, and harassed by corrections officers while they were incarcerated in the Prison and thereafter when they were subject to court supervision. (*See id.*). Yet, despite knowledge of this culture and the abuse female inmates were subjected to, Plaintiffs allege that the County, its Commissioners, Prison wardens, supervisory officials, and other employees did nothing and, to the contrary, prevented this misconduct from coming to light. (*See id.*).

On December 19, 2017, Correctional Defendants filed the instant motion to stay. (*See* Doc. 93, *generally*). In their supporting brief, Correctional Defendants argue that this action should be stayed pending disposition of a criminal investigation being conducted by the Office of the Attorney General of the Commonwealth of Pennsylvania ("OAG") related to allegations of sexual abuse at the Lackawanna County Prison. (*See* Doc. 95, *generally*).

Plaintiffs Tammy Fox and Jamie Tompkins (collectively, "Plaintiffs") oppose the motion to stay. (*See* Doc. 101, *generally*). Specifically, Plaintiffs contend that Correctional Defendants' concerns regarding self-incrimination does not provide a basis for a stay. (*See id.* at 2-6). This is so, Plaintiffs explain, because of the vast amount of discovery that will need to be conducted in this case, which Plaintiffs believe will take years. (*See id.* at 3). Further, Plaintiffs emphasize that of the thirty-eight (38) named Defendants in this case, only a handful are targets of the criminal investigation by the OAG. (*See id.*). Thus, Plaintiffs maintain that depositions of the majority of Defendants can proceed without issue, as well as the depositions of non-party witnesses. (*See id.*). And, to the extent that an individual Defendant raises self-incrimination concerns, Plaintiffs' counsel represents that he "is more than willing to delay the depositions of any Defendants who have a reasonable expectation that they will be criminal[ly] charged in order to protect their Fifth Amendment rights." (*Id.* at 6).

2

In their reply, Correctional Defendants note that on February 14, 2018, seven (7) current or former employees of the Lackawanna County Correctional Facility were arrested on various charges related to institutional sexual assault. (*See* Doc. 105, 3). Four (4) of those individuals are Defendants in this case - Walsh, McHale, Johnson, and Shnipes. (*See id.*). After the arrest, Pennsylvania's Attorney General stated that the "investigation is very much ongoing, very much ongoing." (*Id.* at 4). Given these developments, Correctional Defendants argue that a stay should be imposed so they are not "required to choose between mounting an effective criminal defense at the expense of fully participating in his or her own defense in the pending civil rights action." (*Id.* at 8).

## II. Discussion

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). In exercising that discretion, a district court is instructed to "weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

> In determining whether to stay a civil case pending resolution of a related criminal proceeding, courts consider the following factors:
>
> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

*Barker v. Kane*, 149 F. Supp. 3d 521, 525-26 (M.D. Pa. 2016) (citing *Shrey v. Kontz*, No. 10-1420, 2011 WL 94416, at *1 (M.D. Pa. Jan. 11, 2011)). The Constitution, though, "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 98 S. Ct. 1551, 47 L. Ed. 2d 810

(1976); *DeVita v. Sills*, 422 F.2d 1172, 1181 (3d Cir. 1970). "[A] stay is an extraordinary remedy and the party seeking the stay bears the burden of establishing its necessity." *Soroush v. Ali*, No. 09-3703, 2009 WL 3467897, at *1 (E.D. Pa. Oct. 28, 2009) (citing *Landis*, 299 U.S. at 255).

Correctional Defendants' motion for a stay will be denied. With respect to the first factor, "[t]he degree of overlap between the pending civil and criminal cases is widely considered the most important threshold issue in determining whether or not to impose a stay." *Barker*, 149 F. Supp. 3d at 526. Here, there is a substantial overlap between these proceedings as both the criminal and civil actions involve allegations of sexual abuse of female inmates at the Lackawanna County Prison. And, as to the second factor, four (4) Defendants in this case have been indicted. While these two factors weigh in favor of a stay, the balance of the remaining factors weigh against granting Correctional Defendants' motion.

The third factor weighs heavily in favor of Plaintiffs. The claims at issue here relate in part to actions that occurred many years ago. Staying this case indefinitely and delaying discovery could prejudice Plaintiffs in their ability to advance this case. Moreover, given the extensive amount of discovery that will be taken in this case and noting that the vast majority of Defendants in this case have not been criminally indicted, it is not necessary to issue a blanket stay of this case.

The fourth factor also does not weigh in favor of a stay. Correctional Defendants' claim that they will be required to decide between defending against the criminal and civil cases if they proceed at the same time is unconvincing. Significantly, Plaintiffs have expressly indicated a willingness to delay discovery from any Defendant that has a reasonable expectation that they will be charged criminally. Thus, the charged Correctional Defendants' stated self-incrimination concerns are overstated.

The fifth and six factors also favor allowing this litigation to proceed. The Court has an interest in resolving cases expeditiously and the public has an interest in

the substance of the claims of wrongdoing by Government officials advanced in this case.

In sum, while some Defendants in this action have been indicted, I find that the relevant factors taken as a whole weigh in favor of allowing the matter to proceed at this time. To the extent any disputes arise regarding Defendants' Fifth Amendment rights, those issues can be addressed as necessary.

### III. Conclusion

For the above stated reasons, the motion to stay filed by Correctional Defendants will be denied without prejudice.

An appropriate order follows.

March 8, 2018 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge