# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY FOX, *et al.*,

    Plaintiffs,

    v.

LACKAWANNA COUNTY, *et al.*,

    Defendants.

NO. 3:16-CV-1511

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is Defendants' Joint Motion (Doc. 109) requesting that Plaintiffs' counsel be found in contempt of my January 20, 2017 Order enjoining Plaintiffs' counsel "from publicly opining on or vouching for the favorable value of the evidence to their clients' case." (Doc. 81). Plaintiffs have responded by filing a Motion to Strike Joint Motion for Contempt. (Doc. 110). Because Plaintiffs' counsel did not violate the January 20, 2017 Order, the motion for contempt will be denied and the motion to strike will be denied as moot.

## I. Background

As set forth in detail in my opinion granting in part and denying in part Defendants' motions to dismiss the Second Amended Complaint, the instant action filed on July 22, 2016 involves allegations of sexual abuse of female inmates by corrections officers at the Lackawanna County Prison and the ensuing cover-up and concealment of same by various officials of Lackawanna County. (*See* Doc. 84, *generally*).

On December 14, 2016, Defendants Lackawanna County and Commissioner Patrick O'Malley filed a motion for a protective order to enjoin Plaintiffs and their counsel from making extrajudicial statements regarding this litigation. (*See* Doc. 53, *generally*). The County and O'Malley premised their motion on the position that Plaintiffs and their counsel were waging "a campaign to try this case in the media,

instead of a court of law." (*Id*. at ¶ 10). They also relied on a "litany" of extrajudicial statements by Plaintiffs' counsel to media outlets which they contended impaired their right to a fair trial. (*Id*. at ¶¶ 12-16). Plaintiffs opposed the motion. (*See* Doc. 66, *generally*).

The motion to enjoin Plaintiffs' counsel from making extrajudicial statements about this case was granted by Order on January 20, 2017. (*See* Doc. 81, *generally*). Therein, I noted that the motion raised issues of the right to free speech, right to a fair trial, and ethical considerations of the legal profession. (*See id*.). Framing the question as whether there was "a substantial likelihood that any of the statements will cause material prejudice to the proceeding," I concluded that "any statements in which counsel opines or vouches for the favorable value of the evidence to his case, the likelihood of material prejudice to this proceeding is present." (*Id*.). I therefore enjoined Plaintiffs' counsel "from publically opining on or vouching for the favorable value of the evidence to their clients' case." (*Id*.).

A year later, on February 14, 2018, seven (7) current or former employees of the Lackawanna County Correctional Facility (four (4) of which are Defendants in this case) were arrested on various charges related to institutional sexual assault. (*See* Doc. 107, 3). Two days later, the *Scranton Times-Tribune* published an article entitled "State AG: Not the final chapter in Lackawanna County Prison arrests." (Doc. 109, Ex. "2"). Plaintiffs' counsel is quoted in that article:

> "I can say at the heart of my civil case, I am most concerned with the culture of silence that allowed this to happen for decades." . . . "The authority figures at that jail that said nothing bear much of the responsibility. As you can see, it's not as simple as one bad apple."

(*Id*.).

On March 1, 2018, Lackawanna County Correctional Defendants submitted a brief in further support of a motion to stay this action. (*See* Doc. 105, *generally*). Correctional Defendants argued that the commencement of criminal proceedings and the likelihood of additional arrests and criminal charges supported a stay of this case.

2

(*See id*. at 5-8).

The *Scranton Times-Tribune* ran an article the following day regarding Plaintiffs' opposition to the request for a stay. (*See* Doc. 109, Ex. "3"). The article reports:

> Contacted Thursday, Comerford said the arrests do not change his position regarding postponing the case. He said [defense counsel] McDonough's claim that some of the defendants will invoke the Fifth Amendment is speculative.
>
> "What are they hiding?" Comerford asked. "There needs to be an affirmative statement from all, from O'Malley down to the lowest-ranking correctional officer, that they are taking the Fifth Amendment."

(*Id*.).

Based on the content of the above referenced newspaper articles, Defendants have filed the instant motion requesting an order finding Plaintiffs' counsel in contempt of the January 20, 2017 Order. (*See* Doc. 109, *generally*). Defendants argue in their supporting brief that Plaintiffs' counsel should be held in contempt "for his repeated comments to the media concerning the value of the evidence relative to this litigation." (Doc. 114, 5).

Plaintiffs' counsel opposes the motion. (*See* Doc. 116, *generally*). The January 20, 2017 Order, says Plaintiffs' counsel, is not a blanket "gag" order and does not prohibit him from speaking to the press. (*See id*. at 1-2). Plaintiffs' counsel likewise disputes that his comments run afoul of the Order because his statements neither opine on nor vouch for the favorable value of evidence. (*See id*. at 2-5). Defendants have filed a reply to Plaintiffs' opposition brief. (*See* Doc. 122, *generally*).

## II. Discussion

Defendants' motion for contempt will be denied. As stated in the January 20, 2017 Order, the concern with counsel opining on or vouching for the favorable value of evidence to their client's case is that such statements will materially prejudice these proceedings. (*See* Doc. 81, 2). The comments by Plaintiffs' counsel do meet this standard.

3

The remarks by Plaintiffs' counsel in the March 2, 2018 article are in response to Defendants' request for a stay based on the Fifth Amendment. Counsel is not opining on evidence with these comments, nor is he vouching for the favorable value of evidence in this case. These statements do not violate the January 20, 2017 Order.

With respect to the February 16, 2018 article, the comments by Plaintiffs' counsel, viewed in isolation, could arguably be read as offering an opinion on the value of evidence relevant to this matter. But taken in context, *i.e.*, following the arrest and indictment of several prison officials some of which are Defendants in this case, I do not find that these statements amount to improper vouching or opining on the value of evidence in this case. Nor is there a likelihood of material prejudice to this action based on these statements. Accordingly, as there was no violation of the January 20, 2017 Order, there is no basis for a finding of contempt and/or the imposition of sanctions.

### III. Conclusion

For the above stated reasons, the joint motion for contempt will be denied and the motion to strike will be denied as moot.

An appropriate order follows.

May 23, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

4