# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY FOX, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LACKAWANNA COUNTY, *et al.*, <br><br> Defendants. | NO. 3:16-CV-1511 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is the Motion to Quash (Doc. 134) filed by non-party David Davison ("Davison"). For the reasons that follow, the motion to quash will be denied.

## I. Background

As set forth in detail in my opinion granting in part and denying in part Defendants' motions to dismiss the Second Amended Complaint, the instant action filed on July 22, 2016 involves allegations of sexual abuse of female inmates by corrections officers at the Lackawanna County Prison and the ensuing cover-up and concealment of same by various officials of Lackawanna County. (*See* Doc. 84, *generally*).

On June 19, 2018, County Defendants issued a subpoena to non-party David Davison to appear and testify at a deposition scheduled for July 3, 2018. (*See* Doc. 134, Ex. "A"). Thereafter, Davison contacted counsel for County Defendants to discuss the substance of the questions that were going to be asked at the deposition. (*See* Doc. 134, ¶ 3; Doc. 139, ¶ 3). Davison then filed the instant motion to quash the subpoena on July 9, 2018. (*See* Doc. 134, *generally*).

Davison characterizes the basis of his motion to quash as follows:

> [H]e should be immunized from questioning by any party of this litigation for the fact on Dec. 7, 2016 the Scranton Times published his writing as it relates to the sexual abuse at the prison and the petitioner cites former and present staff as friends and have supplied this writer confidential information as it relates to my investagation [sic] as a writer

> into the sexual abuse at Lackawanna County Prison and this reporter/writer is still working on future hopefully published writings.

(*Id*. at ¶ 9). Davison further explains that he is "developing a non-fictional book for hopeful[ ] publication besides a made for tv screen play based on these facts gained from investigating the sexual abuse alligations [sic] at the prison for over a decade." (*Id*. at ¶ 13). Davison also avers that he has a "close relationship" with a Scranton Times writer. (*See* Doc. 140, 2). Davison thus concludes that he is protected from testifying pursuant to the Pennsylvania Shield Law. (*See id*.).

County Defendants oppose the motion. (*See* Doc. 148, *generally*). Specifically, County Defendants contend that Davison's representations fail to set forth a sufficient basis to afford him protection under the Pennsylvania Shield Law, 42 Pa. C.S.A. § 5942. (*See id*. at 2-4). The motion to quash is now ripe for disposition.

## II. Discussion

The Pennsylvania Shield Law provides, in pertinent part, that:

> No person engaged on, connected with, or employed by any newspaper of general circulation or any press association or any radio or television station, or any magazine of general circulation, for the purpose of gathering, procuring, compiling, editing or publishing news, shall be required to disclose the source of any information procured or obtained by such person, in any legal proceeding, trial or investigation before any government unit.

42 Pa. C.S.A. § 5942(a). "Pennsylvania courts have repeatedly emphasized the important interests served by the Shield Law, and have held that it is to be broadly construed" "in favor of newspapers and news media." *Coughlin v. Westinghouse Broadcasting & Cable Inc.*, 780 F.2d 340, 343-44 (3d Cir. 1985) (Becker, J., concurring).

County Defendants argue that merely because Davison has "written editorials expressing his opinions on matters associated with the Lackawanna County Prison does not make him 'engaged on, connected with, or employed by any newspaper of general circulation,'" as required for protection under the Shield Law. (Doc. 148, 4

(quoting 42 Pa. C.S.A. § 5942(a))). I agree.

In support of application of the Shield Law to himself, Davison notes: (1) he has a close relationship with a Scranton Times reporter; (2) he has introduced the reporter to "whistleblowers"; (3) authored opinion pieces published in that paper; and (4) he is compiling information with the intention to write a book on this subject. (*See* Doc. 140, generally). But Davison cites no authority suggesting that such facts bring him within the protections of § 5942(a). Moreover, writers in comparable circumstances to Davison have not been protected under shield laws similar to that at issue here. *See*, *e.g.*, *Xcentric Ventures, L.L.C. v. Borodkin*, 934 F. Supp. 2d 1125, 1145 (D. Ariz. Mar. 20, 2013) (California statute protecting "a publisher, editor, reporter, or other person connected with or employed upon a newspaper, magazine, or other periodical publication, or by a press association or wire service" did not apply to unaffiliated blogger); *Obsidian Finance Grp., LLC v. Cox*, No. 11-57, 2011 WL 59999334, at *1 (D. Or. Nov. 30, 2011) (Oregon statue stating that "[n]o person connected with, employed by or engaged in any medium of communication to the public shall be required by . . . a judicial officer . . . to disclose, by subpoena or otherwise . . . [t]he source of any published or unpublished information obtained by the person in the course of gathering, receiving or processing information for any medium of communication to the public" did not protect unaffiliated "investigative blogger"); *Too Much Media, LLC v. Hale*, 20 A.3d 364, 379 (N.J. 2011) (writing a letter to the editor does not establish the necessary connection with "news media" as required by New Jersey statute). Davison does not qualify for protection under the Pennsylvania Shield Law.

### III. Conclusion

For the above stated reasons, the motion to quash will be denied.

An appropriate order follows.

| August 22, 2018 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

3