IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAMMY FOX, *et al.*,

   Plaintiffs,

v.

LACKAWANNA COUNTY, *et al.*,

   Defendants.

NO. 3:16-CV-1511

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Quash Subpoena Directed to Amil Minora ("Minora") (Doc. 126) filed by non-party the Lackawanna County Prison Board of Inspectors (the "Prison Board"). For the reasons that follow, the motion to quash will be granted.

## I. Background

As set forth in detail in my opinion granting in part and denying in part Defendants' motions to dismiss the Second Amended Complaint, the instant action filed on July 22, 2016 involves allegations of sexual abuse of female inmates by corrections officers at the Lackawanna County Prison and the ensuing cover-up and concealment of same by various officials of Lackawanna County. (*See* Doc. 84, *generally*).

Pertinent to the present motion, an emergency meeting of the Prison Board was called on December 9, 2016 to discuss the allegations set forth in Plaintiffs' original Complaint. (*See* Doc. 132, Ex. "B"). The minutes from that public meeting reflect that a motion was made to appoint Minora, an attorney, "as an investigator for prison allegations." (*Id.*). That motion passed. (*See id.*).

On December 21, 2016, the Prison Board and Minora entered into a "Professional Services Contract." (*See* Doc. 126, Ex. "B"). The Professional Services Contract provided that "the County wishes to engage the professional services of the

contractor, as an independent contractor, and not as an employee, in order to assist the Prison Board in carrying out its duties as set forth in the Prison Code and the Lackawanna County Home Rule Charter." (*Id*.). It also stated that Minora "is willing to provide professional services within his area of expertise." (*Id*.). The parties thus agreed that "[t]he legal services provided by [Minora] are to be as follows: Conduct an independent investigation into the allegations raised in the Civil action Fox vs. Lackawanna County, et al., involving the Warden." (*Id*.). Under the Professional Services Contract, Minora was to be paid $100.00 per hour. (*Id*.). The agreement was approved by the Lackawanna County Board of Commissioners. (*See id*.).

A Prison Board meeting was held on January 25, 2017. (*See* Doc. 132, Ex. "C"). The minutes of that meeting provide:

> Judge Geruolo: Motion to direct Warden Betti, to conduct an investigation into the conduct of those listed in the amended complaint, and to take action necessary to be certain that they are treated the same administratively as those previously named. We have received a completed report from Attorney Minora, very detailed, reviewed all grievances, records and reports, for the relevant time frame, interviewed witnesses, unfettered access to the records and personnel file for Betti, past and present employees, and chaplains of the prison, reviewed over 7,000 emails in the files of the Warden - and he found nothing to support the allegation made against Betti, therefore I felt it was appropriate that the Warden get back to his job.
> 
> Vote 5-0 (Comm. O'Malley abstained).

(*Id*.).

On June 12, 2018, Plaintiffs issued a subpoena to Minora to appear and testify at a deposition scheduled for June 18, 2018. (*See* Doc. 126, Ex. "A"). Minora was also directed to produce at the deposition "any report prepared regarding investigation into Tim Betti and Lackawanna County Prison and evidence procured in that investigation." (*Id*.).

The Prison Board moved to quash the subpoena on the grounds that the testimony and documents requested are protected by the attorney-client privilege and the work product doctrine. (*See* Doc. 126, *generally*). The motion has now been fully

briefed and is ripe for disposition.

## II. Discussion

The Prison Board's motion to quash is brought pursuant to Federal Rule of Civil Procedure 45, which provides, in pertinent part, that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; . . ." Fed. R. Civ. P. 45(d)(iii). With regard to such a motion, the subpoenaing party bears the initial burden to establish the relevance of the material sought, and then the burden shifts to the subpoenaed party to demonstrate that the subpoena seeks privileged or otherwise protected material under Rule 45. *L.W. v. Lackawanna Cnty.*, No. 14-1610, 2015 WL 1499865, at *1 (M.D. Pa. Apr. 1, 2015) (citing *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014)).

Here, the subpoenaing party, Plaintiffs, contend that Minora's report and testimony is relevant because he had access to records that Plaintiffs do not have and which have not yet been provided in discovery.[1] There does not appear to be a dispute as to whether this information is relevant. Instead, the Prison Board argues that Minora's report and testimony are protected by the attorney-client privilege and work product doctrine.

The Third Circuit has summarized the difference between the attorney-client privilege and work product doctrine as follows:

> Though they operate to protect information from discovery, the work-product doctrine and the attorney-client privilege serve different purposes. The purpose behind the attorney-client privilege is "'to encourage clients to make full disclosure of facts to counsel so that he may properly, competently, and ethically carry out his representation. The ultimate aim is to promote the proper administration of justice.'" *In re Impounded*, 241 F.3d 308, 316 (3d Cir. 2001)

---

[1] Plaintiffs have indicated that they are only "seeking to discovery [sic] the extent of and results of Amil Minora's factual investigation." (Doc. 132, 5). As the parties' briefs focus on the disclosure and production of the Minora report, so do I.

3

> (quoting *In re Grand Jury Proceedings*, 604 F.2d 798, 802 (3d Cir. 1979)). The work-product doctrine, by contrast, "promotes the adversary system directly by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation. Protecting attorneys' work product promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients." *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991) (citations omitted).

*In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011).

Federal Rule of Civil Procedure 26(b)(3) states in part:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

> Rule 26(b)(3) establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, "core" or "opinion" work product that encompasses the "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation" is "generally afforded near absolute protection from discovery."

*In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003) (quoting *In re Ford Motor Co.*, 110 F.3d 954, 962 n. 7 (3d Cir.1997), *abrogated on other grounds by*, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009)). Accordingly, "core or opinion work product receives greater protection than ordinary work product and is discoverable only upon a showing of rare and

exceptional circumstances." *Id*.

The work product doctrine "is designed to protect material prepared by an attorney acting for his client in anticipation of litigation." *United States v. Rockwell Int'l.*, 897 F.2d 1255, 1265 (3d Cir.1990) (citing *In re Grand Jury Proceedings*, 604 F.2d 798, 801 (3d Cir.1979)). The doctrine does not protect documents prepared "in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir.1993) (quoting Fed. R. Civ. P. 26(b)(3) advisory committee note)).

A document is prepared in anticipation of litigation if "'the nature of the document and the factual situation in the particular case'" establishes "'the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Rockwell*, 897 F.2d at 1266 (quoting *In re Grand Jury Proceedings*, 604 F.2d 798, 804 (3d Cir.1979)). The preparer's anticipation of litigation must be objectively reasonable. *See Martin*, 983 F.2d at 1260. This requires proof of "an identifiable specific claim or impending litigation when the materials were prepared." *Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 305 (3d. Cir. 1999) (Greenberg, J., concurring) (citing *Leonen v. Johns-Manville*, 135 F.R.D. 94, 97 (D.N.J. 1990)). "The fact that the documents sought for discovery do not include legal advice is, 'as a matter of law, irrelevant provided . . . they were prepared in anticipation of litigation.'" *Id*. (quoting *Ford Motor Co.*, 110 F.3d at 968). Rule 26(b)(3) requires only "that the material be prepared in anticipation of some litigation, not necessarily in anticipation of the particular litigation." *Ford Motor Co.*, 110 F.3d at 967 (emphasis deleted). Nevertheless, the work product doctrine applies only in related litigation. *See Nesselrotte v. Allegheny Energy, Inc.*, 242 F.R.D. 338, 341 (W.D. Pa. 2007); *see also In re Grand Jury Proceedings*, 604 F.2d at 803-04; *Ford Motor Co.*, 110 F.3d at 967 n.15.

In view of these principles, the Minora report qualifies as attorney work

product. Contrary to Plaintiffs' contention, the report was prepared in anticipation of litigation. Minora was retained after Plaintiffs commenced the instant action. Moreover, Minora was hired by the Prison Board to provide "legal services" in the form of "[c]onduct[ing] an independent investigation into the allegations raised in the Civil action Fox vs. Lackawanna County, et al., involving the Warden." (Doc. 126, Ex. "B"). Minora subsequently prepared a report of his findings for the Prison Board. While Plaintiffs argue that Minora did not provide any advice to the Prison Board in that report and Minora was limited to summarizing facts and evidence, this is "irrelevant" since the report was prepared in anticipation of litigation. *Montgomery Cnty.*, 175 F.3d at 305 (Greenberg, J., concurring); *see also Lassister v. Hidalgo Med. Servs.*, No. 17-850, 2018 WL 1891104, at *3 (D.N.M. Apr. 18, 2018) ("reports that Plaintiff seeks, i.e. the factual summaries of the information she learned in the course of her investigations, are fact work product") *accord Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) (work product includes the "selection and compilation of documents"). Nor does the fact that the Prison Board has not been named as a defendant in this or any other lawsuit matter because it was objectively reasonable for the Prison Board to have the report prepared based on the prospect of litigation in light of the allegations in Plaintiffs' Complaint.

Given that the report was prepared in anticipation of litigation, it is discoverable as fact work product[2] only if (1) Plaintiffs demonstrate substantial need for it and an inability to obtain its equivalent through other means absent undue hardship, or (2) the Prison Board waived the protection. Plaintiffs have not made either of these showings.

---

[2] This assumes the Minora report contains only factual material. Because Plaintiffs are unable to make the required showing for discovery under that standard, it necessarily follows that Plaintiffs cannot demonstrate "rare and exceptional circumstances" for discovery of the report insofar as it contains opinion work product.

6

First, Plaintiffs have not established that they have a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). More particularly, Plaintiffs have not made the requisite showing that their need for the Minora report is "substantial" or that they cannot obtain the information therein by a less intrusive means. *See F.T.C. v. Boehringer Ingelhein Pharm., Inc.*, 778 F.3d 142, 155 (D.C. Cir. 2015), *cert denied*, 136 S. Ct. 925 (2016) (citations omitted) ("burden is generally met if [party] demonstrates that the materials are relevant to the case, the materials have a unique value apart from those already in the [party]'s possession, and "special circumstances" excuse the [party]'s failure to obtain the requested materials itself."). At its core, Plaintiffs claim only that they "have not yet h[ad] access" to the documents Minora reviewed in preparing his report. (See Doc. 132, 10). But nothing set forth by Plaintiffs indicates that they will be unable to obtain such documents through the ordinary discovery process. *Accord Hidalgo*, 2018 WL 1891104, at *2 ("although the doctrine protects fact work product, it does not protect from discovery the underlying facts contained in the work product."); *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 628 (N.D. Okla. 2009) (collecting cases) ("So it is not surprising that while the work product doctrine shields the documents and things prepared by an attorney or party representative, it does not protect the underlying facts contained in the documents from discovery."); *see also Chesher v. Allen*, 122 F. App'x 184, 188 (6th Cir. 2005) (applying test set forth in *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986) to request to depose nonparty attorneys).

Second, Plaintiffs have not established that the Prison Board waived the work product protection with respect to the Minora report.

> On the other hand, the work-product doctrine protects an attorney's work from falling into the hands of an adversary, and so "disclosure to a third party does not necessarily waive the protection of the work-product doctrine.". . . Rather, the purpose behind the work-product doctrine "requires [a court] to distinguish between disclosures to adversaries and disclosures to

> non-adversaries[,]" . . . and it is only in cases in which the material is disclosed in a manner inconsistent with keeping it from an adversary that the work-product doctrine is waived.

*In re Chevron Corp.*, 633 F.3d at 165 (citation omitted); *Westinghouse*, 951 F.2d at 1428 ("Because the work-product doctrine serves instead to protect an attorney's work product from falling into the hands of an adversary, a disclosure to a third party does not necessarily waive the protection of the work-product doctrine. Most courts hold that to waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information.").

Plaintiffs' waiver claim fails. For one, Plaintiffs have not established that the Minora report was ever disclosed. At most, they point to minutes from a public meeting where a Prison Board member stated that the board had received the Minora report which was "very detailed, reviewed all grievances, records and reports, for the relevant time frame, interviewed witnesses, unfettered access to the records and personnel file for Betti, past and present employees, and chaplains of the prison, reviewed over 7,000 emails in the files of the Warden and he found nothing to support the allegation made against Betti, therefore I felt it was appropriate that the Warden get back to his job." (Doc. 132, Ex. "C"). Plaintiffs do not contend that the report was disseminated at that meeting. Nor do they assert that the substance of the report - other than the conclusion that there was no support for the allegations against the warden - was actually discussed at that meeting. Further, there has been nothing provided indicating that the report was disseminated to adversaries or potential adversaries. *Cf. See Tri-County Paving, Inc. v. Ashe Co.*, No. 99-105, 2000 WL 1811606, at *3 (W.D.N.C. Oct. 5, 2000) (holding work product waiver occurred where County distributed legal memorandum to Commissioners and staff, discussed memo at public meetings, and contents of memo were published in local newspaper). There was no waiver of the work product protection here. So Plaintiffs are not entitled to the requested discovery.

8

### III. Conclusion

For the above stated reasons, the motion to quash will be granted.

An appropriate order follows.

August 27, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge